UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:19-CV-00307-CHL

DAVID RAY,                                                                                    **Plaintiff,**

**v.**

SECURA INSURANCE,                                                                **Defendant.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This case is set for a jury trial by before the undersigned on December 13, 2021, and a final

pretrial conference on December 6, 2021.  (DN 51.)  Plaintiff David Ray ("Ray") filed one

document containing thirteen motions in limine to which Defendant Secura Insurance ("Secura")

filed a response.  (DNs 61, 68.)  Secura filed one document containing eight motions in limine to

which Ray filed a response.  (DNs 62, 65.)  Ray also filed objections to Secura's exhibit list, and

Secura filed objections to Ray's witness and exhibit lists.  (DNs 69, 70, 71.)  Pursuant to the Court's

Pretrial Order, no replies were permitted.  (DN 51.)  Therefore, these matters are ripe for review.

I.        **BACKGROUND**

This action arises from a June 28, 2018, motor vehicle accident in which Ray was rear-

ended by non-party James Evans ("Evans") in Hardin County, Kentucky.  (DN 1-2, at PageID #

15; DN 49, at PageID # 267.)  At the time of the collision, Ray was driving a 2011 Chevy Silverado

3500 that was one of four vehicles insured under a commercial automobile insurance policy (the

"Policy") issued by Secura to Ray's Central Kentucky Concrete, Inc., a Kentucky corporation of

which Ray is the incorporator, owner, operator, and registered agent.  (DN 49, at PageID # 267-

68.)

Ray settled with Evans's insurance company, Shelter Mutual Insurance Company, for $50,000 for injuries Ray sustained during the accident.  (DN 1-2, at PageID # 16; DN 49, at PageID # 268.)  He then brought the instant suit against Secura for underinsured motorist ("UIM") benefits and common law and statutory bad faith in Hardin Circuit Court, Hardin County, Kentucky.  (DN 1-2, at PageID # 14-21.)  Ray alleged that Evans was underinsured at the time of the accident.  (*Id.*)  Ray sought compensatory damages including past and future medical expenses, pain and suffering, lost wages, and loss of capacity to earn as well as punitive damages, costs, attorney's fees, and pre- and post-judgment interest.  (*Id.* at 20.)

Secura removed to this Court.  (DN 1.)  At the request of the Parties, the Court bifurcated Ray's bad faith claims and stayed discovery on them.  (DN 11.)  After discovery on the UIM claim, Secura asked this Court for a ruling that the Policy does not permit Ray to stack the UIM coverages for the other vehicles he was not driving at the time of the accident.  (DNs 39, 39-1.)  The Court ruled that stacking was not permitted and that the Policy afforded only $100,000 of UIM coverage to Ray.  (DN 49.)  While Ray's Amended Complaint requested them, pursuant to the Parties' agreement (DNs 25, 30), the Court dismissed Ray's requests for damages based on lost wages and permanent impairment.  (DN 31.)

This matter is now set for trial on the bifurcated UIM claim.  In advance of trial, the Parties filed the instant nineteen motions in limine and objections to witness and exhibit lists.  (DNs 61, 62, 69, 70, 71.)

## II.    DISCUSSION

### A.    Motions in Limine

Federal district courts have the power to exclude irrelevant, inadmissible, or prejudicial evidence in limine under their inherent authority to manage trials.  *Luce v. United States*, 469 U.S.

38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)).  Yet, the "better practice" is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds.  *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  Courts favor this posture so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010) (internal citations omitted).  When this Court issues a ruling in limine, it is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce,* 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984)).  Thus, the Court may alter or amend a prior in limine ruling at trial.  *Luce,* 713 F.2d at 1239.  With this standard in mind, the Court will consider the Parties' specific motions below.

### 1. Ray's Motions in Limine (DN 61)

#### a) Motion to Exclude Testimony Regarding the Effect of Money

Ray moved to exclude all testimony or statements regarding the effect of money because the Parties' wealth is irrelevant to the issues to be presented at trial.  (DN 61, at PageID # 315.) Secura did not object to the motion.  (DN 68, at PageID # 361-62.)

Accordingly, Ray's motion in limine to exclude testimony regarding the effect of money is **GRANTED**.

#### b) Motion to Exclude Testimony Regarding the Effect of the Verdict

Ray moved to exclude all testimony or statements "to the effect that money will not undo the injury and damage [Ray] sustained." (DN 61, at PageID # 315.)  Secura did not object to the motion.  (DN 68, at PageID # 362.)

Accordingly, Ray's motion in limine to exclude testimony regarding the effect of the verdict is **GRANTED**.

c)      **Motion to Exclude Any Reference to Subrogation**

Ray moved to exclude "[a]ny reference or suggestion that a portion of [his] cause of action may be a subrogation claim owed [*sic*] by an insurance company." (DN 61, at PageID # 316.) Secura did not object to the motion. (DN 68, at PageID # 362.)

Accordingly, Ray's motion in limine to exclude any reference to subrogation is **GRANTED**.

d)      **Motion to Exclude Evidence of Collateral Sources**

Ray moved to exclude evidence of collateral sources including, but not limited to, "health insurance, public assistance, Social Security payments, disability benefits, P[ersonal injury protection] benefits, and unemployment benefits." (DN 61, at PageID # 316.) Secura did not object to the motion. (DN 68, at PageID # 362.)

Accordingly, Ray's motion in limine to exclude evidence of collateral sources is **GRANTED**.

e)      **Motion to Exclude CR 26 Disclosure of Damages**

Ray moved to exclude his disclosure of damages pursuant to "CR 26," by which the Court presumes he means Fed. R. Civ. P. 26(a)(1)(A)(iii), because "[t]he amount of damages awarded at trial is a fact question for a jury." (DN 61, at PageID # 316.) Ray cited no authority in support of his request. Secura objected and argued that Ray's itemization of damages is relevant to his UIM claim. (DN 68, at PageID # 362-63.) In particular, Secura noted that to the extent Ray's itemization of damages in his initial disclosures differs from that provided pretrial pursuant to this Court's pretrial order (DN 51), the "discrepancy is a legitimate and relevant source of inquiry and consideration by the jury in this case in evaluating the value of [Ray's] claim" and may reflect upon Ray's credibility or be a proper source of impeachment evidence. (*Id.* at 363.) Secura

likewise cited no law in support of its position.  It is impossible, in the abstract and without the basis of any particular case law, for the Court to determine every scenario in which references to Ray's disclosures regarding damages would be relevant, and thus, the Court cannot conduct a Rule 403 analysis.  Accordingly, Ray's motion in limine to exclude his disclosures regarding damages is **DENIED WITHOUT PREJUDICE** to any specific objection made on that basis at trial.

### f)      Motion to Exclude Employment of Counsel and Fees

Ray moved to exclude evidence or suggestion regarding his retention of counsel and any agreements between himself and his counsel.  (DN 61, at PageID # 316-17.)  Secura did not object to the motion.  (DN 68, at PageID # 363.)

Accordingly, Ray's motion in limine to exclude employment of counsel and fees is **GRANTED**.

### g)      Motion to Exclude Attorney-Client Communications

Ray moved to exclude any communications between himself and his attorney.  (DN 61, at PageID # 317.)  Secura did not object to the motion.  (DN 68, at PageID # 363.)

Accordingly, Ray's motion in limine to exclude attorney-client communications is **GRANTED**.

### h)      Motion to Exclude Effect of the Verdict

Ray moved to exclude "[a]ny reference or suggestion regarding either the effect or results of a claim[ ] [or] suit of judgment upon insurance rates, premiums or charges either generally or as particularly applied to [Secura] in this case as a result of this or any other lawsuit or claim." (DN 61, at PageID # 317.)  Secura did not object to the motion.  (DN 68, at PageID # 363-64.)

Accordingly, Ray's motion in limine to exclude effect of the verdict is **GRANTED**.

i)      **Motion to Exclude Evidence, Argument, or Reference to Fault of Non-Parties**

Ray moved to exclude "[a]ny evidence, argument, or reference relating to the conduct of any individual(s) or entities, not party to this action, as being responsible or contributing to the damages of which the [Ray] complains." (DN 61, at PageID # 317.)  Ray argued that fault cannot be allocated to non-parties or individuals with whom he did not settle and his cited authorities relate only to apportionment.  (*Id.*)  Secura objected in part noting that while it agreed fault cannot be *apportioned* to a non-party with whom Ray did not settle and the jury should not be instructed regarding the duties of such nonparties, the *conduct* of nonparties might be relevant to the issue of the conduct of the tortfeasor, Evans.  (DN 68, at PageID # 364-65.)  Based on the Court's review of the Parties' filings, the Parties do not disagree about the proper apportionment rules here.  Accordingly, the Court will grant Ray's motion insofar as apportionment to third parties other than the tortfeasor is concerned.  However, Ray's request to prohibit testimony as to the conduct or "fault" of non-parties is overbroad.  The conduct of non-parties may be relevant to assessing fault for the accident, and any specific challenges to the sufficiency of the evidence supporting apportionment against either Ray or the tortfeasor is better addressed at the conclusion of the proof at trial.  Fed. R. Evid. 401.  Therefore, his motion is denied in that respect.

Accordingly, Ray's motion in limine to exclude evidence, argument, or reference to the fault of non-parties is **GRANTED IN PART** in that no apportionment instruction will be sought for non-parties or non-settling parties and **DENIED IN PART** in all other respects.

j)      **Motion to Exclude Evidence of Tax Liability**

Ray moved to exclude any reference or suggestion that any recovery "either would or would not be subject to federal or state income tax or any other form of taxation."  (DN 61, at PageID # 317.)  Secura did not object to this motion.  (DN 68, at PageID # 365.)

Accordingly, Ray's motion to exclude evidence of tax liability is **GRANTED**.

### k)      Motion to Exclude Settlement Discussions

Ray moved to exclude "[a]ny mention, either direct or indirect, relating to any settlement discussions and/or agreements that might have taken place or should have taken place or any mention of any claim that was made in correspondence, which is in the nature of settlement discussions and/or agreements."  (DN 61, at PageID # 318.)  Secura did not object to this motion. (DN 68, at PageID # 365.)

Accordingly, Ray's motion to exclude settlement discussions is **GRANTED**.

### l)      Motion to Exclude Character or Reputation Evidence of Expert Witnesses and Parties

Ray moved to exclude introduction of character or reputation evidence of expert witnesses and parties.  (DN 61, at PageID # 318.)  He argued that character evidence such as personal information like activities, family, charitable work, etc. is irrelevant and of no probative value to the issues in this case, as well as that the introduction of the same would only result in prejudice. (*Id.*)  The Court reads Ray's motion as a request that the Parties observe Fed. R. Evid. 404(a). Counsel and Parties are always expected to abide by the Federal Rules of Evidence.  Therefore, this motion in limine presents no true issue for the Court to decide.

Additionally, and as Secura noted in its response, Ray's motion seems to ignore the existence of Fed. R. Evid. 607-609, which allow for the introduction of character evidence in certain circumstances to demonstrate a witness's character for truthfulness or untruthfulness.  (DN 68, at PageID # 365-66.)  Ray's requested blanket prohibition is also inappropriate for that reason. For example, Fed. R. Evid. 608(a) allows for the credibility of a witness to be "attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character"; however, "evidence

7

of truthful character is admissible only after the witness's character for truthfulness has been attacked." Fed. R. Evid. 608(a). Some of the items described by Ray may be admissible character evidence related to impeachment if a witness's character for truthfulness has been attacked. However, if what is intended is to exclude any evidence of Ray's "activities/hobbies," then such evidence may well be admissible.

Accordingly, Ray's motion to exclude character or reputation evidence is **DENIED**.

### m) Motion to Exclude Appeals to Juror Sympathy or Prejudice Against Tort or Civil Justice System

Ray moved to exclude any appeals "to juror sympathy or prejudice against the tort system and/or the civil justice system" such as suggestion "that an award of money will not undo what injury and damage [Ray] has sustained," that "the award in this case will result in unjust enrichment," that "the purpose or result of this lawsuit is or will be to compensate [Ray]'s counsel," regarding tort reform or attacking the tort system generally, etc. (DN 61, at PageID # 318-20.) Secura did not object to this motion. (DN 68, at PageID # 366-67.)

Accordingly, Ray's motion to exclude appeals to juror sympathy or prejudice against the tort or civil justice system is **GRANTED**.

### 2. Secura's Motions in Limine (DN 62)

### a) Motion for Exclusion of Witnesses Pursuant to FRE 615

Secura moved for separation of the witnesses pursuant to Fed. R. Evid. 615. (DN 62, at PageID # 321.) Ray did not object to the motion. (DN 65, at PageID # 343.)

Accordingly, Secura's motion for exclusion of witnesses pursuant to Fed. R. Evid. 615 is **GRANTED**. As they—and not the Court—will be able to identify witnesses or potential witnesses, counsel are responsible for ensuring that witnesses are in fact absent from the Courtroom other than while testifying.

> **b)** **Motion to Exclude Opinion Testimony of Lay Witnesses Related to Medical Conditions, Medical Treatment, and Causation**

Secura moved to prohibit Ray and any lay witnesses "from testifying about any casual connection between the incident and [Ray]'s claimed injuries, about any causal connection between the motor vehicle collision and [Ray]'s treatment, and about any medical diagnoses or causation opinions rendered by medical providers." (DN 62, at PageID # 321-24, 322.) Secura argued that this testimony is improper under Fed. R. Evid. 701, 802, and 802. (*Id.* at 322.) Secura cited no specific examples of anticipated testimony of the type it claimed is improper. Ray argued that he "is permitted to testify as to his personal understanding of his injuries and the cause thereof, his treatment, pain and suffering, his own medical records and bills, and describe how his injuries have impacted his life." (DN 65, at PageID # 344.) Without specific testimony to consider, the Court reads Secura's motion as essentially a request that the Parties observe Fed. R. Evid. 701, 802, and 802. Counsel and Parties are always expected to abide by the Federal Rules of Evidence. Therefore, this motion in limine presents no true issue for the Court to decide.

As to Secura's arguments regarding causation, while expert testimony is generally needed to prove causation of medical injuries, when "causation is so apparent that lay members of the jury could easily determine whether and to what extent the defendant's conduct caused the plaintiff's injuries—the so-called 'layman's exception'"—courts permit lay witness testimony about causation. *Auto-Owners Ins. v. Aspas*, No. 3:16-CV-189-DJH-RSE, 2018 WL 4643190, at *3 (W.D. Ky. Sept. 27, 2018). Additionally, there are many circumstances in which a lay witness may testify about their own injuries or injuries they personally observed either through their own perceptions or a hearsay exception. *See generally* Fed. R. Evid. 701, 803. For example, while Ray cannot testify that his knee injury arose from the accident, he would be permitted to testify that he now has trouble bending and stooping to pick items up off the floor and that he did not have that

trouble prior to the accident.  Likewise, Ray's spouse or family member would be permitted to testify that they observed Ray having difficulty with bending or stooping only after the accident. Given these exceptions, the Court cannot make a determination on the propriety of any such testimony without hearing it developed at trial.

Accordingly, Secura's motion to exclude opinion testimony of lay witnesses related to medical conditions, medical treatment, and causation is **DENIED**.

c)      **Motion to Preclude Characterization of Case as One for Breach of Contract, Exclude Evidence of Policy Provisions and Premium Payments, and Limit Overemphasis of Insurance**

Secura moved to preclude characterization of this case as one for breach of contract, exclude evidence of policy provisions and premium payments, and limit overemphasis on insurance.  (DN 62, at PageID # 324-29.)  It emphasized that it "has not denied that such coverage is available so long as [Ray's] damages incurred exceed the sums recovered from the allegedly underinsured motorist." (*Id.* at 324.)  It argued that thus the only issues for the jury's consideration are related to the accident, not to the insurance policy, and that any evidence regarding the policy, the payment of premiums, or excessive mention of insurance will do nothing but "result in the jury awarding damages because of the amount of money available, or because premiums were paid to purchase the coverage." (*Id.* at 327.)  Ray objected, arguing that his claim is for breach of contract and that the evidence Secura requested be excluded is pertinent to the elements of his claims such that he should be permitted to introduce evidence related to the same.  (DN 65, at PageID # 344-46.)  Ray disputed what he viewed as Secura's characterization of this matter as a tort case and stated, "A truer and more accurate analysis of the current law in Kentucky is that liability of the tortfeasor and the amount of damages are the *threshold* issues that must be established in order for an insured to recover against an insure[r]." (*Id.* at 345 (emphasis in original).)  Secura's motion,

10

Ray's response, the Parties' trial briefs, and the disagreements set forth in the Parties' proposals regarding jury instructions evidence a fundamental disagreement about the proof relevant to the issues to be decided at the trial of this matter.  (DNs 62, 65, 75, 77, 80.)  Accordingly, an examination of Kentucky law related to UIM claims is necessary to resolve the instant motion.

KRS § 304.39-320 requires insurers to make UIM coverage available to its insureds whereby

> the insurance company agrees to pay its own insured for such uncompensated damages as he may recover on account of injury due to a motor vehicle accident because the judgment recovered against the owner of the other vehicle exceeds the liability policy limits thereon, to the extent of the underinsurance policy limits on the vehicle of the party recovering.

KRS § 304.39-320(2).  An "underinsured motorist" is defined as "a party with motor vehicle liability insurance coverage in an amount less than a judgment recovered against that party for damages on account of injury due to a motor vehicle accident."  *Id.* at § 304.39-320(1).  Despite the statute's reference to "judgment," the Kentucky Supreme Court has made clear that a judgment against the tortfeasor is not required to trigger an entitlement to UIM benefits.  *Coots v. Allstate Ins. Co.*, 853 S.W.2d 895, 899 (Ky. 1993).  Instead, "the liability of the tortfeasor and the amount of damages sustained are elements that must be established in measuring the UIM carrier's obligation and not a statutory precondition to coverage."  *Id.*  However, "[t]he UIM carrier is liable for damages only to the extent to which the underinsured tortfeasor is or could have been held liable."  *Cincinnati Ins. Co. v. Samples*, 192 S.W.3d 311, 316 (Ky. 2006); *see also Progressive Max Ins. Co. v. Jamison*, 431 S.W.3d 452, 456 (Ky. Ct. App. 2013) (quoting in part *G & J Pepsi–Cola Bottlers, Inc. v. Fletcher,* 229 S.W.3d 915, 918 (Ky. Ct. App. 2007) ("[T]he UIM carrier's liability, and the amount and limits of that liability, is predicated upon and 'measured by the liability of the tortfeasor.' ")).  The Kentucky Supreme Court has repeatedly affirmed that a UIM

action is a breach of contract action, not a tort action.  *See, e.g.*, *Kentucky Farm Bureau Mut. Ins. Co. v. Ryan*, 177 S.W.3d 797, 801 (Ky. 2005); *State Farm Mut. Auto. Ins. Co. v. Riggs*, 484 S.W.3d 724, 727 (Ky. 2016) ("[A]n insured's action against the UIM carrier is appropriately labeled a breach-of-contract action. The tortfeasor is not required to be a party to the action, and the UIM carrier may be sued before the insured has even obtained a judgment against the tortfeasor."). Nevertheless, the Kentucky Supreme Court has also observed,

> Often a UIM claim is labeled as a breach-of-contract action. While this may be true in limited circumstances, it is not the most accurate categorization available. A UIM claim, in its simplest form, is more analogous to a declaratory action. The insured is simply seeking to have his rights declared under the insurance policy, *i.e.* the contract. More often than not, the UIM insurer has not denied coverage to constitute a *breach*; rather, the insured simply files a claim with the insurer and demands the policy amount outlined in the contract. The UIM insurer may, of course, dispute the amount, but that does not constitute a breach. If it did, the breach would be occurring *after* the breach-of-contract action was filed.

*Riggs*, 484 S.W.3d at 730 n.25.

While it is unclear this observation in *Riggs* rises to the level of a holding, it combined with the law cited above emphasizing that the liability of the tortfeasor and the amount of damages sustained are threshold elements of a UIM claim convinces the Court that Secura's approach to this case is the correct one.  The Parties do not dispute the existence of a valid insurance policy or even that Ray paid his premiums; they dispute whether and to what extent Ray is underinsured as a result of the accident in question.  Secura has in fact conceded that it may be obligated to pay benefits up to $100,000 under the terms of the Policy.  (DN 62, at PageID # 325; DN 70, at PageID # 373; DN 88, at PageID # 396.)  Thus, in order to answer to what extent Ray is entitled to UIM benefits, the only variables are Ray's liability for the accident and any damages as a result of the same.  Policy terms and payment of premiums are not of consequence in assessing these issues and do not make Ray's liability or the amount of his damages any more or less probable than those

items would be without introduction of the policy or evidence regarding the premiums, especially given that Ray's only remaining claims are for medical expenses and pain and suffering.  Fed. R. Evid. 401.  Instead, as Secura argued, introduction of policy terms and premium payments would only inject prejudice against Secura and/or confuse the jury regarding what questions they are being asked to resolve.  Likewise as the only questions for the jury to decide do not correspond to the elements of a breach of contract action, characterization of the action as one for breach of contract will reach the same impermissible result and is improper.  Larding the record with references to "the contract" would elevate form over substance and risk exciting undue prejudice against Secura.  Accordingly, Secura's motion to preclude characterization of case as one for breach of contract, exclude evidence of policy provisions and premium payments, and limit overemphasis on insurance is **GRANTED**.

>  **d)**     **Motion to Preclude Use of Exhibits or Multimedia or Arguments in *Voir Dire* or Opening Statement**

Secura moved to exclude "any exhibits or any form of multimedia presentation to the jury that ha[d] not been properly and previously disclosed to counsel and/or provided to this Court for a ruling on admissibility."  (DN 62, at PageID # 329-31, 329.)  Secura stated that Ray had not provided its counsel or the Court with a copy of any multimedia presentation counsel planned to use during opening statements.  (*Id.* at 330.)  In response, Ray indicated that he did plan to use exhibits and/or multimedia presentations that "would include exhibits previously disclosed to [Secura's] counsel" and that "[p]er [Secura]'s request, all exhibits potentially utilized by [Ray]'s counsel in opening have been previously tendered/disclosed during discovery."  (DN 65, at PageID # 347.)

The Court directs the Parties to its Pretrial Order, which required the Parties to file "a list of all exhibits which are to be used in any manner during trial, *regardless of whether the item is to*

*be offered into evidence*."   (DN 51, at PageID # 290 (emphasis added).)   This language encompasses demonstrative exhibits.   The Court's Pretrial Order also provided that "[i]n the absence of good cause shown, . . . no exhibit shall be admitted into evidence, except upon compliance with the conditions of this Order." (*Id.*)  Accordingly, any demonstrative exhibits that counsel planned to use should have already been disclosed and the failure to do so is grounds to prohibit the exhibit's use at trial.   Accordingly, Secura's motion to preclude use of exhibits or multimedia or arguments in *voir dire* or opening statement is **DENIED** as moot given that the relief it sought is already encompassed within the Court's Pretrial Order.   Nonetheless, given the disagreement between the Parties regarding whether demonstrative exhibits have been exchanged, the Court will direct any party who has not already done so to identify and exchange any demonstrative exhibits, including any multimedia presentations to be used during opening statements **on or before 5:00 p.m. ET on December 7, 2021**.  The Parties shall file a joint report with the Court no later than **5:00 p.m. ET on December 9, 2021**, regarding whether there are any objections to any demonstrative exhibits disclosed by any party that need to be resolved prior to trial.  If so, the Parties shall include their respective positions on the admissibility of the exhibit(s) at issue and tender a copy of the exhibit as an attachment to the report for the Court's review.

> **e)** **Motion to Preclude the Introduction of Expert Reports as Trial Exhibits**

Secura moved to preclude any expert reports from being introduced into evidence at trial. (DN 62, at PageID # 331-32.)  Ray did not object to the motion.  (DN 65, at PageID # 347.)

Accordingly, Secura's motion to preclude the introduction of expert reports as trial exhibits is **GRANTED**.

> **f)**    **Motion to Preclude Presentation or Explanation of Burden of Proof in *Voir Dire*, Opening Statement, or Closing Argument**

Secura moved to preclude Ray from making legal arguments regarding the standard of care and the burden of proof during *voir dire*, opening statements, or closing arguments.  (DN 62, at PageID # 332-33.)  It argued that allowing Ray to do so would run the risk of confusing the jury and prejudicing Secura.  (*Id.*)  In response, Ray argued that he is not prohibited from discussing the burden of proof with the jury and that he "objects to summarily precluding it in this case."  (DN 65, at PageID # 348, 347-48.)  The Court does not read Secura's request to preclude discussion of the burden of proof, merely to preclude counsel from instructing the jury on what the burden of proof is or means.

It is the Court's duty to instruct the Parties on what the law is, and the Court will provide the jury with pertinent jury instructions prior to closing arguments after giving the Parties the opportunity to object to the proposed instructions.  Fed. R. Civ. P. 51.  Accordingly, Secura's motion to preclude presentation or explanation of burden of proof in *voir dire*, opening statement, or closing argument is **GRANTED IN PART** in that counsel should not argue as to what the law is or should be to the jury at any point during the trial or attempt to explain the meaning of legal terms.  However, the Court's instant ruling does not prohibit counsel from referencing the applicable law, such as the burden of proof, or arguing whether the evidence conforms to the law as explained by the Court.  Given the ubiquity of public knowledge regarding the "beyond a reasonable doubt" standard that applies in criminal cases, the Court will also not prohibit counsel from noting that that standard does not apply in this case.  Secura's motion is, thus, **DENIED IN PART** as to these issues.

**g)** **Motion to Preclude Questions or Arguments Seeking to Create Community Standards of Care Different than those Set by Law, or to Encourage Jurors to Consider Cumulative Effect of "Denial" of Insurance Coverage on Society at Large**

Secura moved to exclude any "questions or argument from [Ray]'s counsel suggesting that a community standard of care as opposed to the standard of care established through testimony at trial" and "questions or argument from [Ray]'s counsel suggesting that protecting personal or community safety is the standard of care" such as asking juror to put themselves in a position where they are being refused coverage or "consider the cumulative effect on society of insurance companies 'denying claims.' " (DN 62, at PageID # 334-35.) Secura argued such "reptile theory" arguments have no place in trial. (*Id.*) Ray opposed arguing that Secura's attempt to "prohibit counsel from employed a trial strategy described in a book" is "improper and unsettling." (DN 65, at PageID # 349.) Ray emphasized that Secura's arguments are premature until specific testimony is at issue and that the Kentucky Supreme Court has "explicitly recognized the jury's role as the conscious of the community." (*Id.* at 350-51.) Ray argued that he is permitted by applicable law to "tell the jury that, as the conscious of the community, they are allowed to speak for the community and say that what has occurred will not be tolerated in our community." (*Id.* at 351.)

The so-called reptile theory seems to be used by the plaintiffs' bar in some states "as a way of showing the jury that the defendant's conduct represents a danger to the survival of the jurors and their families." *Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV-00022-JHM, 2017 WL 3401476, at *8-9 (W.D. Ky. Aug. 8, 2017) (quoting *Hensley v. Methodist Healthcare Hosps.*, No. 13–2436–STA–CGC, 2015 WL 5076982, at *4 (W.D. Tenn. Aug. 27, 2015)). This theory "encourages plaintiffs to appeal to the passion, prejudice, and sentiment of the jury." *Id.* (quoting *Hensley*, 2015 WL 5076982, at *4). Reptile theory arguments appear to mirror "send the message"

arguments and conscience of the community arguments that the Sixth Circuit disfavors. *Id.* at \*9 (citing *Strickland v. Owens Corning*, 142 F.3d 353, 358 (6th Cir. 1998)). District courts have sometimes granted such motions as the instant one on this basis given the highly prejudicial nature of such a strategy. *See, e.g.*, *Brooks*, 2017 WL 3401476, at \*8-9; *Locke v. Swift Transportation Co. of Arizona, LLC*, No. 5:18-CV-00119-TBR, 2019 WL 6037666, at \*2 (W.D. Ky. Nov. 14, 2019); *Lotz v. Steak N Shake, Inc.*, No. CV 5:19-277-DCR, 2021 WL 2270353, at \*4-5 (E.D. Ky. June 3, 2021). Other courts have denied such a motion for being "too amorphous." *See, e.g.*, *Commins v. Genie Indus., Inc.*, No. 3:16-CV-00608-GNS-RSE, 2020 WL 8449913, at \*1 (W.D. Ky. Aug. 26, 2020) (collecting cases). Mindful of the guidance that the "better practice" is to defer evidentiary rulings until trial, the Court will take the latter approach. *Sperberg*, 519 F.2d at 712. Secura has presented no specific testimony for the Court's consideration at this time. Thus, its motion in limine is **DENIED WITHOUT PREJUDICE** to its ability to raise objections to specific testimony or arguments of counsel at trial.

However, the Court is mindful of the reasoning of the other opinions cited above. Therefore, the denial notwithstanding, the Court will be cognizant of appeals to the jurors' prejudice, and any attempt by either party to appeal to the prejudice or sympathy of the jury will not be condoned. To be clear, the Court will not make any rulings on whether or not the evidence or argument is discussed in the aforementioned publication or whether or not the evidence is or is not related to the "reptile theory." The question will be does the evidence improperly appeal to the jury's potential for bias or prejudice.

> **h)**   **Motion to Preclude Testimony, Evidence, Mention, or Argument of Alleged Permanent Impairment to Labor and Earn**

Secura moved for an order prohibiting any testimony, evidence or argument of alleged permanent impairment given that Ray's requests for damages for lost wages and permanent impairment have been dismissed.  (DN 62, at PageID # 335-36.)  Secura argued that given the dismissal, any argument or evidence on those issues would only serve to mislead, confuse, or prejudice the jury.  (*Id.*)  In response, Ray argued that his impairment is relevant to his pain and suffering claims as well as his description of how his injuries have impacted his life.  (DN 65, at PageID # 351.)  In particular, Ray argued that evidence of permanent impairment is "relevant to explain the severity of [his] injuries[;] his pain, suffering and inconvenience[;] his lifetime physical limitations[;] his loss of enjoyment and difficulties in performing daily activities[;] duties now conducted under duress/in pain, etc." (*Id.*)

Ray's Amended Complaint sought damages for "loss of capacity to earn," (DN 1-2, at PageID # 21), and it was that request for damages that was dismissed by the Court.  (DN 30 (proposed agreed order to dismiss request for "impairment of power to earn money"); DN 31 (dismissing "impairment" claim).)  Accordingly, any testimony regarding how his injuries have affected his capacity to work and earn money is properly excluded as any probative value of the same is outweighed by the danger that the jury will include under a different label the category of damages Ray concedes he no longer seeks.  Fed. R. Evid. 403.  Nonetheless, the Court agrees with Ray that evidence of his "impairment" as a result of the accident in the more general sense of that word is relevant to his other claims for damages.  *Compare Reece v. Nationwide Mut. Ins. Co.*, 217 S.W.3d 226, 229 (Ky. 2007) ("[D]amages for permanent injury are measured by one's permanent impairment of power to earn money"), *with* Impairment, *Black's Law Dictionary* (11th

ed. 2019) (defining impairment as "the quality, state, or condition of being damaged, weakened, or diminished" or "a condition in which a part of a person's mind or body is damaged or does not work well"). The Court will not enter a blanket prohibition on testimony more consistent with the more general definition of impairment.

Accordingly, Secura's motion to preclude testimony, evidence, mention, or argument of alleged permanent impairment to labor and earn is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

### B.   Objections to Witness and Exhibit Lists

#### 1.   Ray's Objections to Secura's Exhibit List (DN 69)[1]

Secura listed as an exhibit copies of Ray's medical records. (DN 63, at PageID # 337.) Ray indicated that he had "[n]o objection to the use of certified medical records unless deemed irrelevant under Fed. R. Evid. 401." (DN 69, at PageID # 368.) The Court cannot determine the relevance of medical records without examination of the records themselves. Accordingly, the Court reserves a ruling on the admissibility of any medical records until the same are offered at trial.

Secura listed as an exhibit "[a] chronology, timeline, and/or summary of [Ray]'s medical treatment, both before and after the subject motor vehicle accident." (DN 63, at PageID # 337.) Ray objects that these documents are hearsay. (DN 69, at PageID # 368.) Without the benefit of the document at issue itself and the context in which it is being offered, the Court cannot determine whether Ray's hearsay objection is valid or whether the proposed exhibit in more in the nature of a summary under Fed. R. Evid. 1006. Accordingly, the Court reserves a ruling on the admissibility of such a document until the same is offered at trial.

---

[1] Ray did not file any objections to Secura's witness list.

Secura listed as an exhibit "[t]ranscripts of all depositions taken in this matter." (DN 63, at PageID # 337.)  Ray did not "object to the use of deposition testimony for impeachment purposes, but does object to the deposition transcripts, in their entirety, being admitted into evidence." (DN 69, at PageID # 368.)  While in the case of an unavailable witness a deposition transcript may be read into evidence, the Court cannot conceive of a scenario in which it would be proper to admit a transcript into evidence at trial.  Accordingly, Ray's objection is **SUSTAINED**.

As to all other exhibits on Secura's exhibit list, Ray either listed no objection or indicated that any objection was reserved for trial.  (DN 69.)  Accordingly, there are no other issues for the Court to consider at this time regarding Secura's exhibit list.

### 2.    Secura's Objections to Ray's Exhibit List (DN 70)

Ray listed as an exhibit "Police Report- No. 18-0815A." (DN 58, at PageID # 305.)  Secura objected to the introduction of the police report at trial arguing the same is inadmissible hearsay under Fed. R. Evid. 802. (DN 70, at PageID # 371-72.)  Secura cited to authority to support the proposition that police reports are generally excludable as hearsay "except to the extent to which they incorporate firsthand observations of the officer." (*Id.* at 371 (quoting *Miller v. Field*, 35 F.3d 1088, 1091 (6th Cir. 1994) (citing Fed. R. Evid. 803 advisory committees note to 1972 proposed rules)).)  It argued that the police report is inadmissible here because it is based on the statements of the individuals involved in the accident and does not include the type of factual findings generally permitted to be introduced into evidence. (*Id.* at 372.)  While, as noted by Secura, police reports are generally inadmissible, Fed. R. Evid. 803(8) allows for the introduction of certain public records as an exception to the hearsay rule where the record sets out "(i) the office's activities; (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or (iii) in a civil case or against the

government in a criminal case, factual findings from a legally authorized investigation" so long as "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8). In evaluating the trustworthiness of a report, a court should consider "(1) the timeliness of the investigation; (2) the special skill or experience of the official; (3) whether a hearing was held on the level at which conducted, and (4) possible motivational problems." *Baker v. Elcona Homes Corp.*, 588 F.2d 551, 558 (6th Cir. 1978) (quoting Fed. R. Evid. 803 advisory committees note to 1972 proposed rules). While this exception could permit introduction of a police report under certain circumstances depending on the application of these factors, it unquestionably does not allow for the introduction of a report based itself on inadmissible hearsay. *See Miller*, 35 F.3d at 1091; *Dortch v. Fowler*, No. 305-CV-216-JDM, 2007 WL 1672297 (W.D. Ky. June 6, 2007), *aff'd*, 588 F.3d 396 (6th Cir. 2009). Without the benefit of the review of the report or the officer's testimony regarding his investigation, the Court cannot make a determination regarding the applicability of the exception and the factors cited above. Accordingly, the Court reserves a ruling on the admissibility of the police report until the same is offered at trial.

Ray also listed as an exhibit "[a]ny and all contracts, insurance policies (including, but not limited to policy 20-A-003231814-7) or documents involving Ray and/or Rays Central KY Concrete Inc and/or Defendant, Secura." (DN 58, at PageID # 306.) Secura objected to the introduction of these items on the same grounds as its motion in limine to exclude evidence of policy provisions and premium payments discussed above. (DN 70, at PageID # 372-74; DN 62, at PageID # 324-29.) Consistent with the ruling above and for the reasons stated therein, insurance policies or documents regarding the relationship between Secura and Ray and/or Rays Central KY Concrete Inc. are not relevant to the only issues remaining for the jury to decide regarding liability

for the accident and Ray's damages.  Fed. R. Evid. 401.  Thus, the introduction of the listed documents would only unduly prejudice the jury.  Fed. R. Evid. 403.  Accordingly, Secura's objection is **SUSTAINED**.

Ray listed as an exhibit "[a]ny and all records from GLA Collection Company, Inc."  (DN 58, at PageID # 306.)  Secura objected on grounds that the documents are irrelevant to the essential issues at trial and "would serve no purpose other than to engender juror sympathy for [Ray] and reflect upon the relative wealth of the parties," a topic that Ray himself sought to exclude in his motions in limine.  (DN 70, at PageID # 374-75, 374.)  The Court granted herein Ray's unopposed motion in limine regarding the relative wealth of the Parties.  The Court also gain emphasizes that Ray's request for damages for lost wages or impairment of earning power have been dismissed.  (DN 31.)  To the extent that any collections records are related to Ray's damages in that respect, they are irrelevant to the issues at trial.  Fed. R. Evid. 401.  To the extent that the records are related to Ray's medical expenses, they could be relevant to the issues at trial and, thus, admissible.  However, in either case, invoking the specter of debt collection does make it likely that a jury will consider Ray's relative wealth in an impermissible and prejudicial manner.  Fed. R. Evid. 403.  There has to date been no argument that the collection records are necessary to establish an element of damages that cannot be established by another source (*e.g.* medical bills).  Accordingly, the Court finds that introduction of the collection records is more prejudicial than probative, and the Court will **SUSTAIN** Secura's objection.

Ray listed as an exhibit "[e]xpert reports filed or exchanged in discovery by any party."  (DN 58, at PageID # 307.)  Secura objected to the introduction of these documents as hearsay.  (DN 70, at PageID # 375.)  As set forth above, Secura moved in limine to preclude any expert reports from being introduced into evidence at trial, and Ray did not object.  (DN 62, at PageID #

331-32; DN 65, at PageID # 347.)  Thus, the Court granted Secura's motion.  Consistent with this ruling, Secura's objection is **SUSTAINED**.

Secura did not assert any other objections to Ray's exhibit list.  (DN 70.)  Accordingly, there are no other issues for the Court to consider at this time regarding the same.

### 3.    Secura's Objection to Ray's Witness List (DN 71)

Ray listed as a witness an individual named Kay Oliphant.  (DN 59.)  Secura objected to Oliphant's inclusion and argued that Ray's witness list is the first time Oliphant has been disclosed as a potential witness.  (DN 71.)  While the Court's pretrial order did not expressly provide for responses or replies regarding objections to witness and exhibit lists, the Court granted Ray until November 24, 2021, to file a reply to Secura's objection.  (DN 72.)  Ray did not file one.

As Secura correctly recited in its objection, individuals with discoverable information must be disclosed in a party's initial disclosures and initial disclosures must be supplemented if necessary throughout the litigation. Fed. R. Civ. P. 26(a)(1)(A)(i), (e)(1). Fed. R. Civ. P. 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  The Court also warned the Parties in its Scheduling Order that "no witness not previously disclosed as one likely to have discoverable information under Fed. R. Civ. P. 26(a)(1)(A)(i) . . . shall be allowed on the final witness and exhibit list, unless the failure was substantially justified or is harmless."  (DN 10, at PageID # 42-43.)  As Ray failed to file a reply disputing Secura's representation that Oliphant had not been previously disclosed or providing reasons that the failure to earlier disclose Oliphant is substantially justified or harmless, the Court will **SUSTAIN** Secura's objection.

Secura did not assert any other objections to Ray's witness list.  (DN 59.)  Accordingly, there are no other issues for the Court to consider at this time regarding the same.

## III.    ORDER

Accordingly, IT IS HEREBY ORDERED as follows:

(1)    Ray's Motions in Limine (DN 61) are **GRANTED IN PART** and **DENIED IN PART** as follows:

(a)    Ray's motion in limine to exclude testimony regarding the effect of money is **GRANTED**.

(b)    Ray's motion in limine to exclude testimony regarding the effect of the verdict is **GRANTED**.

(c)    Ray's motion in limine to exclude any reference to subrogation is **GRANTED**.

(d)    Ray's motion in limine to exclude evidence of collateral sources is **GRANTED**.

(e)    Ray's motion in limine to exclude his disclosures regarding damages is **DENIED WITHOUT PREJUDICE** to any specific objection made on that basis at trial.

(f)    Ray's motion in limine to exclude employment of counsel and fees is **GRANTED**.

(g)    Ray's motion in limine to exclude attorney-client communications is **GRANTED**.

(h)    Ray's motion in limine to exclude effect of the verdict is **GRANTED**.

(i)    Ray's motion in limine to exclude evidence, argument, or reference to the fault of non-parties is **GRANTED IN PART** in that no apportionment instruction will be sought for non-parties or non-settling parties and **DENIED IN PART** in all other respects.

(j)    Ray's motion to exclude evidence of tax liability is **GRANTED**.

(k)    Ray's motion to exclude settlement discussions is **GRANTED**.

(l)    Ray's motion to exclude character or reputation evidence is **DENIED**.

(m)    Ray's motion to exclude appeals to juror sympathy or prejudice against the tort or civil justice system is **GRANTED**.

(2)    Secura's Motions in Limine (DN 62) are **GRANTED IN PART** and **DENIED IN PART** as follows:

(a)    Secura's motion for exclusion of witnesses pursuant to Fed. R. Evid. 615 is **GRANTED**.

(b)    Secura's motion to exclude opinion testimony of lay witnesses related to medical conditions, medical treatment, and causation is **DENIED**.

(c)    Secura's motion to preclude characterization of case as one for breach of contract, exclude evidence of policy provisions and premium payments, and limit overemphasis on insurance is **GRANTED**.

(d)    Secura's motion to preclude use of exhibits or multimedia or arguments in *voir dire* or opening statement is **DENIED** as moot.  Any Party who has not already done so shall identify and exchange any demonstrative exhibits, including any multimedia presentations to be used during opening statements, **on or before 5:00 p.m. ET on December 7, 2021**.  The Parties

shall file a joint report with the Court no later than **5:00 p.m. ET on December 9, 2021**, regarding whether there are any objections to any demonstrative exhibits disclosed by any party that need to be resolved prior to trial.  If so, the Parties shall include their respective positions on the admissibility of the exhibit(s) at issue and tender a copy of the exhibit as an attachment to the report for the Court's review.

(e)     Secura's motion to preclude the introduction of expert reports as trial exhibits is **GRANTED**.

(f)     Secura's motion to preclude presentation or explanation of burden of proof in *voir dire*, opening statement, or closing argument is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

(g)     Secura's motion to preclude questions or arguments seeking to create community standards or care different than those set by law, or to encourage jurors to consider cumulative effect of "denial" of insurance coverage on society at large is **DENIED WITHOUT PREJUDICE**.

(h)     Secura's motion to preclude testimony, evidence, mention, or argument of alleged permanent impairment to labor and earn is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

(3)     Ray's objection to the introduction of entire deposition transcripts at trial is **SUSTAINED**.  (DN 69.)  However, the Court reserves a ruling on Ray's other objections to Secura's exhibit list until trial as set forth above.

(4)     Secura's Objections to Ray's Exhibit List (DN 70) are **SUSTAINED** in part.

(a)   The Court reserves a ruling on the admissibility of the police report until the same is offered at trial.

(b)   Secura's objection to the introduction of contracts, insurance policies or documents involving Ray and/or Rays Central KY Concrete Inc. and Secura is **SUSTAINED**.

(c)   Secura's objection to the introduction of documents from GLA Collection Company, Inc. is **SUSTAINED**.

(d)   Secura's objection to the introduction of expert reports is **SUSTAINED**.

(5)   Secura's Objection to Ray's Witness List (DN 71) is **SUSTAINED**. Kay Oliphant is not permitted to testify at the trial of this action.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:  Counsel of record

December 2, 2021

27