UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:19-CV-00307-CHL

DAVID RAY,                                                                                    Plaintiff,

v.

SECURA INSURANCE,                                                               Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

The Parties took the trial deposition of Dr. Andrew DeGruccio ("Dr. DeGruccio"), the expert witness of Defendant Secura Insurance ("Secura"), on November 18, 2021.  (DN 82-1.) The Court instructed the Parties to file a joint report regarding "whether there were any objections during the deposition on which the Parties seek a ruling prior to trial" and to "include sufficient argument by both sides to enable the Court to make a ruling on any objections and the relevant portion of any testimony at issue." (DN 73.)  The initial joint report contained a request by Plaintiff David Ray ("Ray") "that the video trial deposition of Dr. Andrew DeGruccio, taken November 19, 2021, be played to the jury in full at the trial of this matter" and twenty-two specific objections to portions of the deposition transcript supported by citations of authority and argument by Secura. (DN 82.)  The Court initially construed Ray's lack of response as insufficient and granted Secura's objections, excluding the portions Secura requested and some additional sections based on the Court's review of the transcript.  (DN 84.)  Ray filed an objection that the Court construed as a motion for reconsideration in which he argued that he did not receive Secura's objections in sufficient time before the report was filed to offer a substantive response.  (DN 85.)  At the final pretrial conference in this matter, the Court indicated that it was not interested in assessing who should have done what differently in preparing the joint report and granted in part the motion for

reconsideration to give Ray additional time to file responses to Secura's objections (DN 82) and Secura additional time to file a reply. (DN 88.) This matter is now before the Court for reconsideration of its prior December 3, 2021, Order (DN 84) based on Ray's response (DN 87) and Secura's reply (DN 89). The Court possesses inherent authority to reconsider its interlocutory orders at any time. *See, e.g.*, *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945-46 (6th Cir. 2004). The Court's December 3, 2021, Order (DN 84) is **WITHDRAWN** and **SUPERSEDED** by the instant memorandum opinion and order.

## I.    BACKGROUND

This action arises from a June 28, 2018, motor vehicle accident in which Ray was rear-ended by non-party James Evans in Hardin County, Kentucky. (DN 1-2, at PageID # 15; DN 49, at PageID # 267.) At the time of the collision, Ray was driving a 2011 Chevy Silverado 3500 that was one of four vehicles insured under a commercial automobile insurance policy issued by Secura to Ray's Central Kentucky Concrete, Inc., a Kentucky corporation of which Ray is the incorporator, owner, operator, and registered agent. (DN 49, at PageID # 267-68.) Ray settled with Evans's insurance company, Shelter Mutual Insurance Company, for $50,000 for injuries Ray sustained during the accident. (DN 1-2, at PageID # 16; DN 49, at PageID # 268.) He then brought the instant suit against Secura for underinsured motorists ("UIM") benefits and common law and statutory bad faith in Hardin Circuit Court, Hardin County, Kentucky. (DN 1-2, at PageID # 14-21.) Ray alleged that Evans was underinsured at the time of the accident. (*Id.*) The Parties contest to what extent Ray suffered damages as a result of the accident, and Secura disclosed Dr. DeGruccio as an expert witness regarding Ray's medical treatment. (DN 34.) Dr. DeGruccio performed a review of Ray's medical records and drafted a report containing certain opinions

regarding Ray's treatment, the propriety of the same, and the relationship of Ray's injuries to the accident.  (DN 34-1.)  The Parties previously took Dr. DeGruccio's discovery deposition on July 7, 2020.  (DN 87, at PageID # 561.)

## II.   DISCUSSION

After reviewing Secura's objections (DN 82), Ray's response (DN 87), Secura's reply (DN 89), and the deposition transcription (DN 82-1), the Court makes the followings rulings regarding the portions of Dr. DeGruccio's deposition testimony that may be played at trial.

### A.   Secura's Objections (DN 82)

#### 1.   Page 19, Line 4; Page 26, Line 16; and Page 28, Line 9

Secura objected to playing various phrases from Dr. DeGruccio's deposition regarding "insurance reasons" or "insurance issues."  (DN 82, at PageID # 430-31; DN 82-1, at PageID # 456, 459-60.)  Ray did not object to the exclusion of these portions of the deposition.  (DN 87, at PageID # 559.)

The Parties being in agreement, Secura's objections (DN 82) to the testimony at Page 19, Line 4; Page 26, Line 16; and Page 28, Line 9 are **SUSTAINED**.

#### 2.   Page 52, Line 23 – Page 53, Line 11

Secura objected to playing this section of the deposition that involved discussion between the videographer, witness, and counsel regarding technical difficulties.  (DN 82, at PageID # 431-32; DN 82-1, at PageID # 472.)  Ray did not object to the exclusion of this portion of the deposition.  (DN 87, at PageID # 559.)

The Parties being in agreement, Secura's objection (DN 82) to the testimony at Page 52, Line 23 – Page 53, Line 11 is **SUSTAINED**.

### 3.   Page 59, Lines 6-10

Secura objected to playing the following exchange from Dr. DeGruccio's deposition between Dr. DeGruccio and Ray's counsel at trial:

```
0059
6      Q.     The defense pays you to do those medical
7             exams; correct?
8      A.     Whoever wants the service calls and I do it.
9      Q.     And of the 480 the defense pays 479?
10     A.     Yes.
```

(DN 82-1, at PageID # 475.)   Secura argued that these questions were "asked and answered, particularly given the limited probative value of Dr. DeGruccio's work in other cases" and previous questions asked by counsel.  (DN 82, at PageID # 432; DN 89, at PageID # 580-82.)  Ray argued that his counsel had not asked these precise questions previously and that the information is relevant to the witness's bias and credibility.  (DN 87, at PageID # 559.)  Based on the Court's review of the surrounding portions of the transcript, the questions were not fully asked and answered previously given the witness's attempts to avoid answering the questions asked of him. Secura's objection to Page 59, Lines 6-10 is **OVERRULED**.

### 4.   Page 60, Lines 11-13

Secura objected to a portion of a question asked by Ray's counsel during Dr. DeGruccio's deposition.  Ray's counsel first stated, "For purposes of this case, mechanism of injury is -- is very important, and, obviously, an issue that's been brought up." (DN 82-1, at PageID # 475.)  Ray's counsel then asked, "Do you believe that speaking with Mr. Ray regarding the mechanism of injury would have been beneficial to your analysis?" (*Id.* at 475-76.)  Secura argued that the preliminary narrative statement by counsel is not a question and his emphasis that the mechanism is "important" may inappropriately influence the jury's consideration of the evidence.  (DN 82, at PageID # 432-33; DN 89, at PageID # 583.)  In response, Ray argued that this was a leading

4

question, which was permissible during his cross-examination.  (DN 87, at PageID # 559-60.)  The

Court agrees with Secura that counsel's prelude was not a question, let alone a leading question,

and is properly excluded when the deposition is played at trial.   Counsel's emphasis on what

evidence is important rather than just what evidence is at issue transforms the statement from an

innocuous transition to inappropriate commentary.  Secura's objection to Page 60, Lines 11-13 is

**SUSTAINED**.

       **5.**       **Page 61, Lines 12-20**

Secura objected to playing the following exchange from Dr. DeGruccio's trial deposition

between Dr. DeGruccio and Ray's counsel at trial:

```
0061
12     Q.     So, Mr. Ray described how he was injured in
13            the collision during the deposition. You don't
14            believe that's relevant?
15     A.     It may have been very good information, but
16            that's not the context of where I get that information
17            from. I look at what he told his treating doctors and
18            what the treating doctors put in their notes.
19     Q.     And we'll talk a little bit more about that
20            in a moment.
```

(DN 82-1, at PageID # 476.)

Secura argued that this line of questioning had been asked and answered and that to the

extent the question referenced Ray's deposition testimony, the same is hearsay to which no

exception applies.  (DN 82, at PageID # 433; DN 89, at PageID # 583-84.)  Ray argued in response

that the question had not been asked and answered and that on what information Dr. DeGruccio

based his opinions is relevant.  (DN 87, at PageID # 560.)  He also argued that the question does

not contain or elicit any hearsay statements.  (*Id.*)  As to the hearsay issue, the Court agrees with

Ray. The questions and answers generally reference out-of-court statements but do not contain any

such statements themselves.  Fed. R. Evid. 801(c).  As to Secura's argument that the question has

been asked and answered, the questions posed to Dr. DeGruccio, while similar to previous lines of questioning, are not entirely repetitive of what was said before given in part Dr. DeGruccio's narrative answers.  Secura's objection to Page 61, Lines 12-20 is **OVERRULED**.

      6.      **Page 62, Lines 9-15**

Secura objected to playing the following exchange from Dr. DeGruccio's trial deposition between Dr. DeGruccio and Ray's counsel at trial:

```
0062
9     Q.     Even though it's the patient who's providing
10           the information that's put into the records?
11    A.     Why didn't he tell his treating doctor the
12           first time?
13    Q.     I'm not sure that he didn't. But we'll talk
14           about that.
15    A.     Okay.
```

(DN 82-1, at PageID # 476.)  Secura argued that this line of questioning is asked and answered and also that the exchange is argumentative in nature and contains no actual questioning.  (DN 82, at PageID # 433-34.)  It argued that even if Lines 9-12 are allowed to be played at trial, Lines 13-15 should be excluded as they contain no actual questioning by Ray's counsel.  (DN 89, at PageID # 584-85.)  Ray argued that the questions were not asked and answered and that this exchange goes to Dr. DeGruccio's credibility and bias.  (DN 87, at PageID # 560-61.)  The first question asked by counsel at Lines 9-10 is slightly different than those asked previously and an attempt to explore Dr. DeGruccio's narrative responses.  However, the Court agrees with Secura that Lines 13-15 contain no questions by counsel and are instead attempts by Ray's counsel to inject into the record counsel's position that Ray explained certain information to his treating physician.  Ray's counsel's role is not to provide testimony.  Accordingly, Secura's objection to Page 62, Lines 9-12 is **OVERRULED**, and its objection to Page 62, Lines 13-15 is **SUSTAINED**.

### 7.    Page 69, Line 7 – Page 70, Line 2

Secura objected to playing the following exchange from Dr. DeGruccio's trial deposition

between Dr. DeGruccio and Ray's counsel at trial:

```
0069
7    Q.    To sum it all up, Dr. Krueger's records are
8          incorrect?
9    A.    Not his physical examination section of his
10         records.
11   Q.    Talking about that specific record is
12         incorrect?
13   A.    That sentence is in the operative note, not
14         in his office notes. So, if we're going to be very
15         literal then let's be literal. The operative note is
16         incorrect, not his office notes.
17   Q.    All right. I'm going to share my screen with
18         you. Can you see this? This is from the prior
19         deposition where I asked you the question:
20         "The short answer to my questions is,
21         Dr. Krueger's records are incorrect?"
22         Your answer: "That is correct."
23   A.    Yeah, we went round and round with these same
24         line of questions last time and I, again, disagreed
25         with many of them. But yes, you kept asking me. And
0070
1          I'm going to be much more forceful in rejecting that
2          supposition.
```

(DN 82-1, at PageID # 480.)  Secura argued that these questions were asked and answered and that

Ray's counsel's questions were argumentative and a "duplicative and spurious mischaracterization

of Dr. DeGruccio's testimony." (DN 82, at PageID # 434; DN 89, at PageID # 585-86.)  Secura

also argued that Ray's counsel did not lay a proper foundation for impeachment.  (DN 89, at

PageID # 585-86.)  In response, Ray argued that his questions constitute permissible impeachment

given Dr. DeGruccio's testimony at his prior deposition.[1]  (DN 87, at PageID # 561-62.)  Here, the

---

[1] Ray's response mistakenly points the Court to testimony from Dr. DeGruccio's discovery deposition regarding his assessment of Dr. Saccone's records.  (DN 87, at PageID # 561-62.)  However, the passage used by Ray in the trial deposition testimony itself correctly refers to Dr. DeGruccio's prior deposition testimony regarding Dr. Krueger.

questions asked by Ray's counsel are slightly different than those that were asked previously. Additionally, Dr. DeGruccio maintained that only certain portions of Dr. Krueger's records were incorrect despite admitting in his earlier deposition that the records were generally incorrect.  The Court finds that Ray's counsel properly sought to impeach Dr. DeGruccio with his prior inconsistent deposition testimony and that any weight to be attributed to that change in his testimony is an issue for the jury.  Accordingly, Secura's objection to Page 69, Line 7 – Page 70, Line 2 is **OVERRULED**.

### 8.    Page 72, Line 23

Secura objected to a portion of Dr. DeGruccio's deposition in which Ray's counsel stated, "Okay. Another incorrect record," prior to proceeding with a question.  (DN 82-1, at PageID # 481; DN 82, at PageID # 434-35.)  Ray did not object to omitting this portion of the deposition. (DN 87, at PageID # 562.)

The Parties being in agreement, Secura's objection (DN 82) to the portion of Page 72, Line 23 cited above is **SUSTAINED**.

### 9.    Page 80, Lines 16-23

Secura objected to playing the following exchange from Dr. DeGruccio's trial deposition between Dr. DeGruccio and Ray's counsel at trial:

```
0080
16    Q.    So, he has screws and anchors in the ankle?
17    A.    (Checking.) I believe he has suture anchors
18          and maybe tenodesis screws. All of them are tendon
19          ligament repair devices. But I wouldn't say he has
20          screws necessarily. That's not what that says.
21    Q.    Okay.
22    A.    Nor is it traditionally involved in this
23          surgery.
```

(DN 82-1, at PageID # 485.)  Secura argued that this portion of the deposition should be excluded because the questions had been asked and answered.  (DN 82, at PageID # 435; DN 89, at PageID # 586-87.)  Ray argued that the question was not asked and answered and that to the extent Dr. DeGruccio was testifying inconsistently with what was reflected in the medical records, the questions go to Dr. DeGruccio's credibility.  (DN 87, at PageID # 562-63.)  Reviewing the surrounding deposition testimony, including the portions cited by Secura in its reply, the Court does not view the questions asked as "asked and answered."  Despite Ray's counsel reading from Ray's medical record that screws were placed into Ray's ankle, Dr. DeGruccio refused to agree that those devices were screws and repeatedly qualified his answers to yes or no questions asked by Ray's counsel.   Secura's objection (DN 82) to Page 80, Lines 16-23 is, therefore, **OVERRULED**.

### 10.    Page 83, Line 3 – Page 85, Line 19

Secura objected to a portion of Dr. DeGruccio's trial deposition in which Dr. DeGruccio interrupted Ray's counsel's question to note that the Parties were approaching the amount of time Dr. DeGruccio had allotted and been paid for his deposition testimony.  (DN 82-1, at PageID # 486-88.)  The Parties discussed the issue on the record for a time before proceeding with other questions.  (*Id.*)  Secura argued that the discussion should be excluded because it "includes no substantive questioning as to any fact at issue in the trial of this matter" and "casts aspersions regarding Dr. DeGruccio being paid for his time."  (DN 82, at PageID # 435-37.)  Ray argued that the discussion evidences Dr. DeGruccio's bias and financial motivation and that "[t]he financial interest of an expert witness is always relevant to their credibility and bias."  (DN 87, at PageID # 563-64.)  Ray indicated that he did not object to the portion of the discussion during which counsel for Secura stated that the deposition was noticed for 2:15 PM and Ray's counsel indicated he had

it down for 2:00 PM at Page 85, Lines 4-8 being omitted from the deposition as played at trial. (*Id.* at 565.)  In its reply, Secura argued that if Dr. DeGruccio had been testifying live at trial, the Court would not have permitted the argument between Ray's counsel and Dr. DeGruccio to go on as long as it did during the deposition.  (DN 89, at PageID # 587-88.)  While the Court agrees that it would likely not have permitted the argument to progress, given that this was a trial deposition, not live testimony, the Court agrees with Ray that Dr. DeGruccio's willingness to leave the deposition without the promise of financial compensation is relevant to his credibility and bias in a different manner than the previous questions asked regarding financial compensation.  Given this ruling, to give the jury the full picture of the issue, the Court will not exclude the portion of the conversation to which Ray lodged no objection to excluding.  Instead, it will be for the jury to decide what weight to ascribe to this entire exchange.  Secura's objection (DN 82) to Page 83, Line 3 – Page 85, Line 19 is **OVERRULED**.

## 11.     Page 87, Lines 2-12

Secura objected to playing the following exchange from Dr. DeGruccio's trial deposition between Dr. DeGruccio and Ray's counsel at trial:

```
     0087
     2    Q.    Okay. If -- if his choice is to wear a boot
     3          and crutches or -- or try to work through it in order
     4          to feed his family, there's not much of a choice
     5          there, is it?
     6    A.    Again, I -- I don't know how to answer that
     7          question.
     8    Q.    What I'm saying is you don't know the reason
     9          as to why if he had any noncompliance, you don't know
    10          the basis for that?
    11    A.    Yes. I -- I -- I don't know what the -- the
    12          basis for his noncompliance was.
```

(DN 82-1, at PageID # 488.)  Secura argued that Ray's hypothetical question "invit[ed] wild surmise and speculation."  (DN 82, at PageID # 437; DN 89, at PageID # 588-89.)  Ray argued

that the questions only followed up on Dr. DeGruccio's testimony regarding Ray's noncompliance and that "[g]iven that Dr. DeGruccio has never spoken to [Ray], he is unaware of extenuating circumstances in [Ray]'s life or if [Ray] was even non-compliant." (DN 87, at PageID # 565.) Ray's argument demonstrates why the hypothetical question is inappropriate as it is not grounded in Dr. DeGruccio's personal knowledge of the case and Ray, calls for improper speculation, and paints a prejudicial picture for the jury that is not probative of Ray's damages. However, the Court sees nothing impermissible about Ray's counsel asking Dr. DeGruccio if he knows anything regarding Ray's noncompliance without suggesting or speculating as to the reason for the same. Accordingly, Secura's objection (DN 82) to Page 87, Lines 2-7 is **SUSTAINED**, but Secura's objection (DN 82) to Page 87, Lines 8-12 is **OVERRULED**.

### 12.    Page 89, Line 25 – Page 93, Line 12

Secura objected to a portion of Dr. DeGruccio's trial deposition in which the Parties went off the record to discuss the fact that they were approaching the two-hour mark beyond which Dr. DeGruccio had previously stated he would not continue testifying. (DN 82-1, at PageID # 490-91; DN 82, at PageID # 437-39; DN 89, at PageID # 589.) When they came back on the record, Ray's counsel proceeded to ask Dr. DeGruccio additional questions about his financial compensation for his testimony in this case and his refusal to go beyond the time for which he had already been paid. (DN 82-1, at PageID # 490-91.) Secura argued, as before, that this portion of the deposition does not contain substantive questioning by Ray's counsel, is not probative of issues in the case, and would only serve to unduly prejudice one side or the other. (DN 82, at PageID # 437-39.) Ray argued in response that the jury should be permitted to hear all but the statements by counsel for Secura and Dr. DeGruccio when the Parties got back on the record at Page 90, Line 12 – Page 91, Line 19 as the remaining discussion generally relates again to Dr. DeGruccio's bias.

(DN 87, at PageID # 567-68.)  As with the above similar section, the Court agrees that part of the discussion is related to Dr. DeGruccio's purported bias.  However, the Court finds that the narrative statements by counsel for Secura and Dr. DeGruccio go too far in this regard and are more prejudicial than probative on the issue of bias.  Fed. R. Evid. 403.  Therefore, Secura's objection (DN 82) to Page 90, Line 14 – Page 91, Line 19 is **SUSTAINED**, but Secura's objections (DN 82) to Page 89, Line 25 – Page 90, Line 13 and Page 91, Line 20 – Page 93, Line 12 are **OVERRULED**.

13.     Page 94, Line 17 – Page 95, Line 10

Secura objected to playing the following excerpt from Dr. DeGruccio's trial deposition at trial:

```
0094
17   Q.   The records show that's what Mr. Ray said
18        because it was in his deposition. Are you saying you
19        just didn't review the deposition?
20   A.   The deposition is not part of his medical
21        records. I reviewed his medical records. And I did
22        state that I didn't review his deposition already
23        earlier.
24   Q.   If Mr. Ray had stated that it was the
25        mechanism of injury in his opinion, would that be
0095
1         important to your analysis?
2    A.   Again, I would probably try to reconcile what
3         his treating orthopedic surgeon said compared to what
4         he's saying. People have a way of changing history
5         and their recollections after the fact.
6    Q.   If Mr. Ray states he hit his knee in this
7         collision along with the ankle, you're stating that
8         that's not important to your diagnoses of his injury
9         and how it was caused?
10   A.   No, sir. I didn't say that.
```

(DN 82-1, at PageID # 492.)  Secura argued that questions regarding Dr. DeGruccio's lack of reliance on Ray's deposition have been asked and answered and are duplicative.  (DN 82, at

PageID # 439-40; DN 89, at PageID # 590.)  It also argued that the line of questioning called for speculation and references hearsay to which no exception applies.  (DN 82, at PageID # 439-40; DN 89, at PageID # 590.)  Ray argued in response that this line of questioning goes to Dr. DeGruccio's credibility because he "did not bother to review what [Ray] had to say about his own injuries or what occurred in the accident."  (DN 87, at PageID # 568.)  He also argued that the rules of evidence permit counsel to use hypotheticals on cross examination, citing *Chandler v. Commissioner of Soc. Sec.*, 124 F. App'x 355 (6th Cir. 2005).  (*Id.*)  The Court finds *Chandler* wholly distinguishable from the instant case as it involved judicial review of the Commissioner's decision denying social security benefits to a claimant, an area of the law that is highly-specialized and governed by separate, specific regulations regarding procedure.  *See generally* 20 C.F.R. Parts 404 and 416 (governing claims for disability insurance benefits and supplemental security income).  Likewise, the Court is not persuaded by Secura's hearsay argument as the potential hearsay statements at issue do not appear to be offered to prove the truth of the matter asserted, i.e. that Ray actually said those things; instead, they are offered as part of a hypothetical to the witness.  Fed. R. Evid. 801(c).  However, while the line of questioning is relevant to Dr. DeGruccio's credibility to a certain extent, this same line of questioning regarding the records on which Dr. DeGruccio relied and the reasons for not relying on other sources of information have been asked and answered in other portions of the deposition.  Accordingly, Secura's objection (DN 82) to Page 94, Line 17 – Page 95, Line 10 is **SUSTAINED**.

> **14.   Page 96, Line 1 – Page 97, Line 2**

Secura objected to playing the following excerpt from Dr. DeGruccio's trial deposition at trial:

> 0096
> 1      Q.      So, if Mr. Ray testifies under oath how this

| 2 | | injury was caused in the collision, you're dismissing |
|---|---|---|
| 3 | | that testimony because it was asked by an attorney? |
| 4 | A. | I'm saying that if it was important, wouldn't |
| 5 | | he have shared it with his treating doctors? And that |
| 6 | | that's the – that's the record that I was asked to |
| 7 | | give opinions on. So, if things change from the time |
| 8 | | of the initial evaluation and how he reported it, to a |
| 9 | | couple of years later when he's deposed, I would tend |
| 10 | | to go with what he told the doctor at the time that he |
| 11 | | sought treatment. |
| 12 | Q. | And we've already established that these |
| 13 | | doctor records are incorrect. |
| 14 | A. | Certain aspects, not all of them. |
| 15 | | MS. TUCKER: Asked and answered. |
| 16 | | THE WITNESS: Over and over again. |
| 17 | | BY MR. BLANDFORD: |
| 18 | Q. | Well, if you're only relying on the doctor |
| 19 | | records and they're incorrect, and we're not going to |
| 20 | | give any credit to what Mr. Ray says happened, do you |
| 21 | | not have a problem with that? |
| 22 | A. | I said there are certain words, diagnoses, in |
| 23 | | the records that might not be a hundred percent |
| 24 | | correct or that I might not agree with. That doesn't |
| 25 | | mean the entire record is incorrect. |
| 0097 | | |
| 1 | Q. | So, when doctor records -- |
| 2 | A. | I never said that. |

(DN 82-1, at PageID # 493.)  Secura argued that questions regarding the correctness of the medical records have again been asked and answered, that Ray's questions misconstrue Dr. DeGruccio's prior testimony, and that the references to hearsay should be excluded.  (DN 82, at PageID # 440-41; DN 89, at PageID # 590-91.)  Ray argued in response that his counsel was "properly exploring the inherent conflict in Dr. DeGruccio's testimony that he only relied on inaccurate medical records but also testifying that he believes medical records over the patient."  (DN 87, at PageID # 568-70.)  The passage cited above contains no out-of-court statements offered to prove the truth of the matter asserted and, thus, no hearsay.  Fed. R. Evid. 801(c).  However, the Court agrees with Secura that questions regarding what Dr. DeGruccio meant by labeling certain records as incorrect

have been asked and answered, including questions about how that testimony was or was not consistent with his prior deposition testimony.  Likewise, Ray's counsel had repeatedly questioned Dr. DeGruccio by this point in the deposition regarding on what documents Dr. DeGruccio based his decisions.  Secura's objection (DN 82) to Page 96, Line 1 – Page 97, Line 2 is **SUSTAINED**.

### 15.    Page 101, Line 19 – Page 103, Line 12

Secura objected to a portion of the deposition in which Dr. DeGruccio discussed his conclusions regarding Ray's arthritis and the basis for the same along with his view of proper sources of treatment and diagnosis.  (DN 82-1, at PageID # 495-96.)  Secura argued that this discussion should be excluded because it is merely an argument between Dr. DeGruccio and Ray's counsel and that "no substantive questions and answers were provided." (DN 82, at PageID # 441-42; DN 89, at PageID # 591-92.)  It also argued that any questions regarding Ray's arthritis were asked and answered.  (DN 82, at PageID # 441-42; DN 89, at PageID # 591-92)  Ray argued that his impeachment of Dr. DeGruccio with a prior inconsistent statement was permissible and that asking similar questions on cross-examination does not properly support an asked and answered objection.  (DN 87, at PageID # 570-71.)  The Court disagrees that only asking an identical question in identical words properly supports an asked and answered objection.  However, here, the Court finds that the questions posed by Ray regarding arthritis were slightly different than those asked previously and did not elicit the same response from Dr. DeGruccio.  While Dr. DeGruccio and Ray's counsel were talking over top of one another to a certain extent, Dr. DeGruccio's comments did respond to questions or attempted questions by Ray's counsel, and Dr. DeGruccio's responses concerning the proper use of an MRI in diagnosis and treatment are relevant to how he formed his opinions and allow the jury to assess the basis for his opinions and

the weight to be ascribed to the same.  Accordingly, Secura's objection (DN 82) to Page 101, Line 19 – Page 103, Line 12 is **OVERRULED**.

### 16.     Page 103, Lines 18-19[2]

Secura objected to Dr. DeGruccio's statement that Ray "rejected the escalation of diagnostics back in 2016 because of insurance reasons."  (DN 82-1, at PageID # 496; DN 82, at PageID # 442.)  Ray did not object to omitting this statement.  (DN 87, at PageID # 571.)

The Parties being in agreement, Secura's objection (DN 82) to the portion of Page 103, Lines 18-19 cited is **SUSTAINED**.

### 17.     Page 105, Line 18 – Page 108, Line 13

Secura objected to a section of Dr. DeGruccio's deposition where Ray's counsel asked Dr. DeGruccio about statements Ray had made regarding his injury and what statements made to whom and when should be or were considered by Dr. DeGruccio in forming his opinions.  (DN 82-1, at PageID # 497-99.)   Secura argued that this portion of the deposition involves argumentative questioning, asked and answered questions regarding whether Dr. DeGruccio had reviewed Ray's deposition, and references to hearsay to which no exception applies.  (DN 82, at PageID # 442-43; DN 89, at PageID # 592.)  In response, Ray did not object to omitting Page 105, Line 18 – Page 107, Line 15.  (DN 87, at PageID # 572.)  The Parties being in agreement, Secura's objection (DN 82) to Page 105, Line 18 – Page 107, Line 15 is **SUSTAINED**.  As to the remaining questions, the issue of whether Dr. DeGruccio reviewed Ray's deposition had been repeatedly asked and answered by this point in the deposition; thus, Secura's objection (DN 82) to Page 108, Lines 8-13 is **SUSTAINED**.  The remaining questions regarding Ray's statements are not hearsay

---

[2] Secura listed an objection to Page 103, Line 19, but based on the Court's review of the transcript, the section of testimony to which Secura objected is found on both Lines 18 and 19.  (*Compare* DN 82, at PageID # 442, *with* DN 82-1, at PageID # 496.)  The Court presumes that Secura intended to object to the entire section of quoted testimony.

because they are not being offered to prove the truth of what Ray said and merely to assess whether

Dr. DeGruccio would rely on that information if Ray had happened to say such things.  Fed. R.

Evid. 801(c).  The Court finds that the questions in Page 107, Line 16 – Page 108, Line 7 are

slightly different than those asked previously and relevant to the jury's consideration of how Dr.

DeGruccio formed his opinions.  Thus, Secura's objection (DN 82) to Page 107, Line 16 – Page

108, Line 7 is **OVERRULED**.

### 18.    Page 108, Line 23 – Page 109, Line 24

Secura objected to playing the following exchange from Dr. DeGruccio's trial deposition

between Dr. DeGruccio and Ray's counsel at trial:

```
0108
23    Q.     What I'm asking is: If Mr. Ray states that
24           he used a knee brace --
25    A.    Isn't that what we've established in this; is
0109
1            that if it doesn't exist in the records, it doesn't
2            exist, right?
3     Q.    I didn't say that.
4     A.    You -- you did say that, actually. You've
5            asked me repetitively: He never had knee problems
6            before because it wasn't in the records; no one got an
7            MRI before; it's not in the records; it didn't exist.
8            But now you're asking me to believe something that
9            wasn't in the records.
10    Q.    I'm asking you to believe what the plaintiff
11           himself says about his injury.
12    A.    Two years after the fact.
13    Q.    So, if Mr. Ray was deposed six months after
14           the accident, you would believe him more?
15    A.    Absolutely. Proximity --
16    Q.    But the two years --
17    A.    -- to a situation does change memory.
18           Absolutely.
19    Q.    It's Mr. Ray's deposition date that you have
20           a problem with?
21    A.    It said he reported to his doctors and it's
22           not in the records. And you're asking me to speculate
23           on something that's not in the records, which is what
```

24          I was asked to review and -- and give opinions about.

(DN 82-1, at PageID # 499.)   Secura argued that this section of questions and answers was

argumentative and had been asked and answered.  (DN 82, at PageID # 444; DN 89, at PageID #

592-93.)  It also argued that statements made by Ray to individuals other than his medical providers

are inadmissible hearsay.  (DN 82, at PageID # 444; DN 89, at PageID # 592-93.)  Ray argued that

this testimony represents a change in what Dr. DeGruccio previously testified was important from

history and presentation to temporal proximity to the accident.  (DN 87, at PageID # 573-74.)  Ray

also argued that only Dr. DeGruccio was being argumentative, which does not constitute a reason

to exclude the testimony.  (*Id.* at 574.)  As to Page 108, Line 23 – Page 109, Line 9, the Court

agrees with Ray that it is Dr. DeGruccio, not Ray's counsel who is engaging in argumentative

behavior.  Additionally, although the issue of on what records Dr. DeGruccio thinks it is proper to

rely and not to rely has been discussed numerous times in the deposition, it is largely Dr.

DeGruccio's response to counsel's questions that brings that issue to the forefront, not a

duplicative question by counsel.  Secura's objection to Page 108, Line 23 – Page 109, Line 9 is,

thus, **OVERRULED**.  As to the remaining lines of this section, to the extent Ray's questions and

Dr. DeGruccio's responses reference out-of-court statements by Ray, the statements are not

introduced for the truth of what is asserted but rather for the effect hearing the various statements

would have on Dr. DeGruccio.  Fed. R. Evid. 801(c).  Secura's objection to Page 109, Lines 10-

24 is also **OVERRULED**.

### 19.     Page 110, Line 13 – Page 111, Line 11

Secura objected to playing the following exchange from Dr. DeGruccio's trial deposition

between Dr. DeGruccio and Ray's counsel at trial:

0110
13     Q.     If Mr. Ray were to tell you how he injured

| 14 | | his knee, what he did right after the accident because |
| 15 | | of his knee injury, would you consider that in your |
| 16 | | analysis in this case? |
| 17 | A. | I would compare it to the notes and see if |
| 18 | | they me- -- meshed well. So, absolutely. When I do |
| 19 | | independent medical exams -- I think we've gone over |
| 20 | | this before, but I will state it again. When I talk |
| 21 | | to the patients, I then go back to the records, and if |
| 22 | | there is a major discrepancy, I tend to go with what |
| 23 | | was reported and documented, especially when I don't |
| 24 | | believe that there was a reason why the doctor would |
| 25 | | intentionally misrepresent the situation. |
| 0111 | | |
| 1 | Q. | And I don't know that a doctor is |
| 2 | | intentionally misrepresenting anything. I just don't |
| 3 | | know that it's always reported to the full extent. |
| 4 | | Is it possible that Mr. Ray never really |
| 5 | | discussed in great detail with the doctor or maybe it |
| 6 | | wasn't asked in front of the doctor how all this |
| 7 | | happened? He clearly reported a motor vehicle |
| 8 | | accident, but maybe it's possible that he didn't go |
| 9 | | into great detail about the mechanics of it all. Is |
| 10 | | that possible? |
| 11 | A. | I guess it's possible. |

(DN 82-1, at PageID # 500.)   Secura argued that this section of testimony "invites sheer speculation" and that Ray's line of questioning is narrative and "a *de facto* argument to the jury regarding the apparent absence of certain information in [Ray]'s medical records."  (DN 82, at PageID # 444-445; DN 89, at PageID # 593.)  Ray argued in response that he is permitted to use hypotheticals in questioning the witness and that the exchange is relevant to Dr. DeGruccio's credibility and bias.  (DN 87, at PageID # 574-75.)  As above, the Court finds Ray's citation to *Chandler v. Commissioner of Soc. Sec.*, 124 F. App'x 355 (6th Cir. 2005), highly distinguishable from the instant case given the very specific regulatory scheme that governs social security claims and social security hearings before administrative law judges.  Nonetheless, the Court finds Ray's counsel's questions here properly rooted in fact and that the same do not call for speculation but instead further develop Dr. DeGruccio's testimony regarding what evidence he does and does not

19

consider important in forming his opinions.  This testimony is relevant and helpful to the jury in assessing the weight to be ascribed to Dr. DeGruccio's opinions.  Secura's objection (DN 82) to Page 110, Line 13 – Page 111, Line 11 is **OVERRULED**.

    **20.**  **Page 119, Lines 1-18**

   Secura objected to a portion of Dr. DeGruccio's deposition in which counsel and the witness discussed how much longer the deposition would last.  (DN 82, at PageID # 445-46; DN 82-1, at PageID # 504.)  Ray did not object to omitting those sections.  (DN 87, at PageID # 575.)  The Parties being in agreement, Secura's objection (DN 82) to Page 119, Lines 1-18 is **SUSTAINED**.

  **B.**  **Court's Review of the Transcript**

   Based on the Court's review of the deposition transcript, the Court also finds that the following sections of testimony shall not be played to the jury for the listed reasons:

- Page 26, Line 14, beginning with "And it's . . ." – Line 18—The Parties are in agreement as set forth above as to the exclusion of the phrase "because of insurance issues" on Line 16, but to avoid confusion for the jury, the Court concludes that the better practice is to strike the entire sentence of which that phrase is a part.  If the Court permitted the partial sentence with just the phrase omitted to be played for the jury there would be a substantial risk that the jury would draw an impermissible inference regarding the reason Ray did not seek further treatment for his knee.

- Page 45, Line 13, beginning with "Do you all . . ." – Line 21—This section contains discussion related to taking a restroom break that is unnecessary to play for the jury.

- Page 94, Line 4—This is an objection by counsel that is not probative of the issues in the case and was not raised by either Party in their filings regarding the trial deposition.

- Page 98, Lines 11-13—This is an objection by counsel that is not probative of the issues in the case and was not raised by either Party in their filings regarding the trial deposition.

- Page 118, Line 4— This is an objection by counsel that is not probative of the issues in the case and was not raised by either Party in their filings regarding the trial deposition.

The Parties shall not play the above-listed sections of testimony when Dr. DeGruccio's deposition is played at trial.

**III.      ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

(1)      Secura's objections (DN 82) to the following portions of Dr. DeGruccio's deposition are **SUSTAINED:**

- Page 19, Line 4;

- Page 26, Line 16;

- Page 28, Line 9;

- Page 52, Line 23 – Page 53, Line 11;

- Page 60, Lines 11-13;

- Page 62, Lines 13-15;

- Page 72, Line 23 ending with " . . . incorrect record";

- Page 87, Lines 2-7;

- Page 90, Line 14 – Page 91, Line 19;

- Page 94, Line 17 – Page 95, Line 10;

- Page 96, Line 1 – Page 97, Line 2;

- Page 103, Lines 18-19;

- Page 105, Line 18 – Page 107, Line 15;

- Page 108, Lines 8-13; and

- Page 119, Lines 1-18.

The Parties shall not play these sections of the deposition at trial.

(2)     Secura's objections (DN 82) to the following portions of Dr. DeGruccio's deposition are **OVERRULED:**

- Page 59, Lines 6-10;

- Page 61, Lines 12-20;

- Page 62, Lines 9-12;

- Page 69, Line 7 – Page 70, Line 2;

- Page 80, Lines 16-23;

- Page 83, Line 3 – Page 85, Line 19;

- Page 87, Lines 8-12;

- Page 89, Line 25 – Page 90, Line 13;

- Page 91, Line 20 – Page 93, Line 12;

- Page 101, Line 19 – Page 103, Line 12;

- Page107, Line 16 – Page 108, Line 7;

- Page 108, Line 23 – Page 109, Line 24; and

- Page 110, Line 13 – Page 111, Line 11.

The Parties shall play these sections of the deposition at trial.

(3)     The Court *sua sponte* excludes the following portions of Dr. DeGruccio's deposition:

- Page 26, Line 14, beginning with "And it's . . ." – Line 18;

- Page 45, Line 13, beginning with "Do you all . . ." – Line 21;

- Page 94, Line 4;

- Page 98; Lines 11-13; and

- Page 118, Line 4.

The Parties shall not play these sections of the deposition at trial.

(4)    The Court's December 3, 2021, Order (DN 84) is **WITHDRAWN** and **SUPERSEDED** by the instant memorandum opinion and order.

Colin H Lindsay, Magistrate Judge

United States District Court

cc:  Counsel of record

December 10, 2021